UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-06981 |
| FIRST CHOICE DRYWALL, INC., | ) | |
| | ) | Hon. Jack B. Schmetterer, Presiding |
| Debtor. | ) | |
| | ) | |
| | ) | |
| N. NEVILLE REID, as Chapter 7 Trustee for FIRST CHOICE DRYWALL, INC., | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adv. No. 12 A 00626 |
| 5620 BUILDING, LLC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

N. Neville Reid, not individually, but solely in his capacity as Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of First Choice Drywall, Inc. (the "Debtor"), Plaintiff, respectfully requests that this Court enter the following findings of fact and conclusions of law in this matter.

**INTRODUCTION**

This Adversary Proceeding sought to avoid certain preferential transfers of property pursuant to Section 547(b) of Title 11 of the United States Code (the "Bankruptcy Code"). 5620 Building, LLC (the "Defendant") was served and failed to respond as required. As a result, on September 25, 2012, this Court held the Defendant in default and ordered that all allegations in the Complaint were to be taken as confessed against the Defendant. See Order of Default,

attached hereto as Exhibit A. The Court now makes and enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On February 2, 2010 (the "Petition Date"), three petitioning creditors filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court").

2. On May 14, 2010, the Court entered an order for relief under Chapter 7. Shortly thereafter, the United States Trustee for the Northern District of Illinois duly appointed N. Neville Reid as Chapter 7 trustee.

3. On April 13, 2012, the Trustee filed a complaint (the "Complaint") commencing this adversary proceeding against the Defendant on behalf of the Estate to avoid certain preferential transfers of property pursuant to Section 547(b) of Title 11 of the Bankruptcy Code. Summons and Complaint were served on the Defendant on June 11, 2012. (Docket No.4).

4. The Defendant was required to answer the Complaint or otherwise plead on or before July 11, 2012 pursuant to Federal Rule of Bankruptcy Procedure 7012.

5. The Defendant failed to answer or otherwise plead as required.

6. As a result, Plaintiff filed and served a Motion for Order of Default on July 18, 2012.

7. On September 25, 2012, the Court entered an Order granting the Motion for Order of Default and holding the Defendant in default (the "Order of Default").

8. The Order of Default found that all allegations in the Complaint were taken as confessed against the Defendant.

9.      The well-pleaded allegations in the Complaint included the following: Defendant is an Illinois corporation with its main office in Cook County, Illinois; the Debtor engaged in the business of construction and, in particular, the installation of drywall; and the Debtor made several payments to the Defendant on account of antecedent debts with the 90 days prior to the Petition Date.

## PREFERENCE PAYMENTS

10.     Within 90 days prior to the Petition Date, the Debtor made the following payments totaling $11,500.00 (the "Payments") to the Defendant on account of antecedent debts:

| Check Date | Check Amount |
|---|---|
| December 11, 2009 | $4,200 |
| December 28, 2009 | $4,200 |
| January 14, 2010 | $2,100 |
| January 29, 2010 | $1,000 |

True and correct copies of these checks are attached hereto as Exhibit B.

## CONCLUSIONS OF LAW

11.     The Court has jurisdiction to enter this order pursuant to 28 U.S.C. §§ 1334 and 157(a), and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

12.     Under 28 U.S.C. § 157(b)(1), a bankruptcy judge to whom a case has been referred may enter final judgment on core proceedings arising in the case. Proceedings seeking to avoid preferences are core proceedings. 28 U.S.C. § 157(b)(2)(H). As such, this Court has the authority to enter a final judgment in this proceeding.

13.     The authority of bankruptcy judges to enter final orders in certain matters has been called into question by the Supreme Court's recent ruling in Stern v. Marshall, 131 S. Ct. 2594 (2011).

14. In Stern, the Court found that Congress cannot delegate to a non-Article III court the judicial power "to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." Id. at 2620. However, Stern and its progeny do not directly implicate claims that fall entirely within the framework of Title 11, such as the claims that form the basis of this proceeding.

15. In the present case, the Plaintiff's claims in Adversary Proceeding 12-00626 are based solely on Section 547 of the Bankruptcy Code. As a result, this Court has authority to enter a final judgment in this matter.

## COUNT I PREFERENCES

16. Section 547(b) of the Bankruptcy Code provides in relevant part:

**(b)** Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

**(1)** to or for the benefit of a creditor;

**(2)** for or on account of an antecedent debt owed by the debtor before such transfer was made;

**(3)** made while the debtor was insolvent;

**(4)** made—

**(A)** on or within 90 days before the date of the filing of the petition; or

**(B)** between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

**(5)** that enables such creditor to receive more than such creditor would receive if—

**(A)** the case were a case under chapter 7 of this title;

**(B)** the transfer had not been made; and

**(C)** such creditor received payment of such debt to the extent provided by the provisions of this title.

4

17.    Pursuant to this Court's Order of July 10, 2012, all well-pled facts in the Complaint are taken as confessed against the Defendant. See Exhibit A.

18.    The decision to grant a motion for entry of a default judgment lies within the sound discretion of the trial court. Merrill Lynch Mortgage Corp. v. Narayan, 908 F.2d 246, 252 (7th Cir. 1990).

19.    As stated in the Complaint, the Debtor made numerous payments to the Defendant totaling $11,500.00 within the ninety day period prior to the Petition Date on account of antecedent debts to the Defendant.

20.    The Payments constituted transfers as defined by Section 101(54) of the Bankruptcy Code.

21.    The Payments are avoidable by the Plaintiff Trustee, pursuant to Section 547(b), for the following reasons:

(a)    The Payments constituted transfers of property of the Debtor to or for the benefit of the Defendant, a creditor;

(b)    The Payments were for or on account of an antecedent debt owed by the Debtor before the Payments were made;

(c)    The Payments were made while the Debtor was insolvent;

(d)    The Payments were made on or within ninety days before the date of the filing of the Chapter 7 petition; and

(e)    The Payments enabled the Defendant, as a creditor, to receive more than such Defendant would receive if the case were a case under Chapter 7 of the Bankruptcy Code, the Payments had not been made, and the Defendant received payment of its indebtedness to the extent provided by the provisions of the Bankruptcy Code.

22. Under the findings outlined above, these payments meet the criteria for avoidance: they constituted transfers as defined by Section 101(54) of the Bankruptcy Code, they were made for or on account of antecedent debt owed by the Debtor, and took place within ninety days prior to the Petition Date. Therefore, this Court finds these transfers avoidable under Section 547(b) of the Bankruptcy Code and awards judgment to the Plaintiffs on Count I.

## CONCLUSION

As a result, judgment will be entered on Count I in favor the Plaintiff against the Defendant, 5620 Building LLC, in the amount of $11,500.00.

Enter:

United States Bankruptcy Judge

NOV 0 6 2012

Dated: 11/6/1↙

**Prepared by:**
Daniel P. Dawson (ARDC# 6199728)
Joseph A. Ptasinski (ARDC# 6306772)
Nisen & Elliott, LLC
200 W. Adams St., Suite 2500
Chicago, Illinois 60606
(312) 346-7800
*Counsel to the Trustee*